IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JEREMIAH JAMES GOODWIN, | ) | |
|    Plaintiff, | ) | Civil Action No. 7:22cv00444 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| FREDERICK COUNTY, | ) | By: Joel C. Hoppe |
|    Defendant. | ) | United States Magistrate Judge |

Plaintiff Jeremiah James Goodwin, proceeding *pro se*, has been directed to provide certain financial documents to complete his application to proceed *in forma pauperis*, and in the meantime, this case remains conditionally filed. The Clerk recently received from Goodwin five envelopes containing documents such as medical records and police reports. The documents did not contain a case number, however, and they were unaccompanied by any explanation as to what the documents were intended to be or why Goodwin was submitting them. Nonetheless, because the documents appeared to relate to the claims in this case, they were docketed in this case as "additional evidence." (Dkt. No. 5.)

The Clerk repeatedly has advised Goodwin in other cases that he must include a case number on anything he files with the court. His failure to do so is particularly problematic because Goodwin currently has more than one open case in this court (and he has had more than one open case at numerous other times over the past year). Goodwin is therefore DIRECTED to always include the appropriate case number on any document he sends to the Clerk. If he fails to do so, his submissions may not be docketed and may instead be returned to him with directions for him to provide a case number.

Similarly, when Goodwin submits documents for filing in the future, those documents should be accompanied by an explanation, motion, or pleading that sets forth his request for how

the documents are to be considered by the court.

Goodwin is further advised that he may not submit documents intended to be part of his complaint in piecemail fashion, because doing so violates Rule 8[1] and 10[2] of the Federal Rules of Civil Procedure, which require "a short and plain statement of the claim showing that the pleader is entitled to relief" to be set out in numbered paragraphs, each limited to a single set of circumstances. In particular, Goodwin may not amend his complaint and add allegations by filing numerous documents, each adding new allegations or additional information.

If Goodwin wants the recently submitted documents to be considered as part of his complaint, then he should, within 30 days of the date of entry of this order, file a motion to amend his complaint. The motion shall be accompanied by his proposed amended complaint,

---

[1] Rule 8 states in pertinent part:
(a) Claim for Relief. A pleading that states a claim for relief must contain:
    (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
    (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
    (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.
* * *
(d) Pleading to Be Concise and Direct; Alternative Statements; Inconsistency.
    (1) In General. Each allegation must be simple, concise, and direct. No technical form is required.
    (2) Alternative Statements of a Claim or Defense. A party may set out two or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.
    (3) Inconsistent Claims or Defenses. A party may state as many separate claims or defenses as it has, regardless of consistency.

[2] Rule 10 states:
(a) Caption; Names of Parties. Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.

(b) Paragraphs; Separate Statements. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.

(c) Adoption by Reference; Exhibits. A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.

which shall reference and attach all documents that he wants the court to consider.[3]  Any proposed amended complaint must be a new pleading that stands by itself without reference to a complaint, attachments, documents, or amendments already filed.  The proposed amended complaint must clearly state the name of each defendant and clearly explain how each defendant violated Goodwin's federal rights.

The Clerk is DIRECTED to provide a copy of this order to Goodwin, as well as a copy of the documents (but not envelopes) recently submitted by Goodwin (Dkt. No. 5, at 1–50), so that he may include them with any proposed amended complaint, if he so chooses.

It is so ORDERED.

ENTER: August 15, 2022

/s/ Joel C. Hoppe
United States Magistrate Judge

---

[3] Goodwin had a prior case arising from the same incident, and that case was dismissed without prejudice. *See Goodwin v. Dog Handler*, 7:21-cv-00408 (W.D. Va.)  In that case, Goodwin had sought to obtain the names of officers involved in the incident at issue, and the police reports he recently submitted contain those names.  If he chooses to, Goodwin may name those individuals as defendants in any proposed amended complaint he submits.