IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JEREMIAH JAMES GOODWIN,      ) | |
|     Plaintiff,      ) | Civil Action No. 7:22cv00444 |
|                      ) | |
| v.      ) | |
|                      ) | By: Elizabeth K. Dillon |
| POLICE OFFICER,      ) | United States District Judge |
|     Defendants.      ) | |

**MEMORANDUM OPINION**

In this case, filed by *pro se* plaintiff Jeremiah James Goodwin, the court entered an order on February 7, 2023, dismissing the complaint for failure to state a claim. (Dkt. No. 16.) That order allowed Goodwin the opportunity to file an amended complaint within thirty days, if the complaint complied with the requirements set forth by the court. Goodwin has now filed an amended complaint and a motion for appointment of counsel. (Dkt. Nos. 17, 18.)

Upon review of the amended complaint, and as briefly discussed herein, Goodwin still fails to state a valid claim against any defendant. Moreover, he has now been given multiple opportunities, across several different cases, to state his claims. Accordingly, the court will dismiss his claims and will not grant him leave to amend. His motion for appointment of counsel will be denied as moot.[1]

Goodwin's original complaint named as the sole defendant "Frederick County." In its prior dismissal order, the court advised him—as it has before—that an excessive force claim

---

[1] His motion for counsel states that he wants "a lawyer doing all this stuff." (Dkt. No. 18.) He contends that he is "not in any position to be bombarded by legal stuff" and that the court "is making it difficult." (*Id.*) As Goodwin has been advised in other cases, the court cannot require an attorney to represent an indigent civil plaintiff. *See Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 309 (1989). And while the court may *request* that an attorney represent an indigent plaintiff when "exceptional circumstances" exist, *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975), Goodwin's purported reasons for counsel are not "exceptional circumstances" warranting the appointment of counsel in this civil case, particularly in light of his failure to state a claim. *See id.* Thus, even if his motion for counsel were not moot, the court would deny it.

arising from a single incident must identify persons involved and provide detail about what each defendant did to violate his Constitutional rights. (*See* Order at 3–4, Dkt. No. 16.)

In his amended complaint, Goodwin has now referred to persons as defendants, as opposed to a county, although none are identified by name. Specifically, his amended complaint names as defendants "Every single police officer involved with excessive force." (Am. Compl. 1, Dkt. No. 17.) Critically, though, his amended complaint contains no factual allegations whatsoever. The only additional writing on his complaint identifies that the action took place in Frederick County and under Claim 1, where the form directs him to list his supporting facts, he states, "Excessive Force." (*Id.* at 2.)

Goodwin was advised was told that any amended complaint must stand "by itself without reference to a complaint, attachments, or amendments already filed." (Order 6, Dkt. No. 16.) Further, the court advised that his "filings to date [would] not be treated as part of his complaint by the court." (*Id.*) Because the statement "Excessive Force" offers no factual allegations and fails to state a claim, his amended complaint will be dismissed, pursuant to 28 U.S.C. § 1915A. (*See also* Dkt. No. 16 (dismissing original complaint pursuant to § 1915A).)

An appropriate order will be entered.

Entered: April 18, 2023.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge